POLLAK, District Judge,
dissenting.
I join the court’s opinion, insofar as it affirms that the District Court’s factual findings were not clearly erroneous. However, I write in dissent because I cannot conclude, as the court does, that valid consent under the Constitution was obtained from Ms. Toledo for the officers’ second entry into her home — an entry following close at the heels of an illegal entry which took place in Ms. Toledo’s full view and which resulted in the arrest of her son, Johnny Toledo, Carlo Toledo’s brother.
The court appears to assume, arguendo, that Officer Wall’s initial entry to apprehend Johnny Toledo was itself illegal (a warrantless search not justified by exigent circumstances).[1] Valid consent must be free of coercion, such that a reasonable person would believe she was free to leave or to deny the officer’s request to search. United States v. Guerrero, 472 F.3d 784, 790 (10th Cir.2007) (citing United States v. Ledesma, 447 F.3d 1307, 1315 (10th Cir.2006)). “Fourth Amendment reasonableness is a question of law” that we review de novo. United States v. Traxler, 477 F.3d 1243, 1246 (10th Cir.2007). I cannot conclude that a reasonable person in the situation that Ms. Toledo faced, would have believed she was free to deny the officer’s request. A reasonable person having already witnessed a police officer breach the privacy of her home to unlawfully arrest one of her sons would have not felt free to say “no” to the officer’s immediately subsequent request for permission to enter her home.

. In my view, such an assumption would be a valid one.